IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TOMMY MEADOWS, | : |
| *Plaintiff*, | : Case No. 1:21-cv-322 |
| v. | : Judge Jeffery P. Hopkins |
| CORRECTIONAL OFFICER C. COPPICK, *et al.*, | : |
| *Defendants*. | : |

**ORDER**

This § 1983 action is set for trial beginning on Monday, September 8th. It is before the Court on the parties' Motions in Limine. Mr. Meadows's counsel and Defendants' counsel have reached agreement on some disputed issues, as they informed the Court in the Court's August 13, 2025 final pretrial conference. They have reached an impasse on several other issues, on which they filed the motions presently under consideration:

1. Whether evidence related to Plaintiff's disciplinary history in the custody of the Ohio Department of Rehabilitation and Corrections may be admitted. *See* Doc. 79.

2. Whether evidence related to Plaintiff's efforts to file grievances related to the May 19, 2019 use-of-force incidents may be admitted, even though Defendants have waived their exhaustion defense. *See* Doc. 91.

3. Whether Plaintiff's counsel should be prohibited from referring to Defendants as the state or the government. *See* Doc. 91, PageID 1416.

4. Whether Plaintiff should be permitted to appear before the jury in civilian clothing, without visible or audible shackles and whether all parties should be prohibited from

referencing the fact that Plaintiff is currently in the custody of the Ohio Department of Rehabilitation and Corrections (ODRC). *See* Doc. 92.

The Court will address only item (4) in this Order.[1] For the following reasons, Plaintiff's Motion is **GRANTED IN PART**. Mr. Meadows shall be permitted to appear before the jury in civilian clothing without visible or audible shackles. The Court will reserve judgment on whether Defendants may reference the fact that Plaintiff is currently incarcerated.

It is standard practice in the Southern District of Ohio to permit civil litigants in Ohio Department of Rehabilitation and Corrections (ODRC) custody to appear for trial in civilian clothing and with shackles concealed from the jury. *See Lovett v. Cole*, No. 1:11-cv-277, 2014 U.S. Dist. LEXIS 148849, *4 (S.D. Ohio Oct. 20, 2014); *Freeman v. Collins*, No. 2:08-cv-71, 2014 U.S. Dist. LEXIS 10872, *43 (S.D. Ohio Jan. 29, 2014); *Easley v. Haywood*, No. 1:08-cv-601, Doc. 323 (S.D. Ohio Oct. 15, 2015). This approach has been adhered to even where the prisoner-plaintiff has a recent history of violence while in custody. It "provide[s] a balance between security and the protection of Plaintiff's fundamental right to a trial." *See Lovett*, 2014 U.S. Dist. LEXIS 148849 at *3–*4.

Defendants argue, nonetheless, that Mr. Meadows should not be permitted to appear in civilian clothing because he is "confined to a maximum-security institution, Ohio State Penitentiary, for having engaged in acts of violence against other inmates." Doc. 91, PageID 10. They further aver that Mr. Meadows "has been profiled by [ODRC] as actively belonging

---

[1] The Court benefits from the parties' written briefing on the other items, but finds them more appropriate for resolution during trial if and when these evidentiary issues arise. *See Hawthorne Partners v. AT&T Techs.*, 831 F.Supp. 1398, 1400 (N.D. Ill. Aug. 25, 1993) ("This court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. . . . Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

to a security threat group that originates out of Cincinnati, Ohio, where the trial is taking place." *Id.* While acknowledging the authority mentioned above, they note that this approach is not always followed; they assert that in a recent Section 1983 jury trial in the Northern District of Ohio, *Manley v. Hughes, et al.*, No. 4:18-cv-1431, the plaintiff—who was then in custody at Ohio State Penitentiary, where Mr. Meadows was in custody until just recently—appeared before the jury in prison clothing, shackled, with uniformed corrections officers near him at all times. Doc. 91, PageID 1415.

Mr. Meadows resists Defendants' characterization of him as particularly dangerous, noting that he was just moved from Ohio State Penitentiary back to Southern Ohio Correctional Facility—where the events that gave rise to this case took place—because his security level was reduced. Doc. 92, PageID 1425. And he insists that the weight of authority strongly supports allowing prisoner-plaintiffs to appear in street clothes even when they are considered dangerous, because of the prejudice that results from compelling them to appear in prison garb. *See Maus v. Baker*, 747 F.3d 926 (7th Cir. 2014) (overturning lower-court defense verdict in § 1983 case solely on grounds that plaintiff was prejudiced by appearing for trial in prison garb while defendants appeared in their correctional officer uniforms).

The Court agrees with Mr. Meadows that requiring him to appear before the jury in prison garb would result in unfair prejudice. "Courts have, with few exceptions, determined that an accused should not be compelled to go to trial in prison or jail clothing because of the possible impairment of the presumption so basic to the adversary system." *Lovett*, 2014 U.S. Dist. LEXIS 148849 at *4 (quoting *Estelle v. Williams*, 425 U.S. 501, 504 (1976)). Defendants have not demonstrated the need for an exception here—in particular, they have not shown

that Mr. Meadows's disciplinary history indicates a specific need to compel him to appear in prison garb rather than civilian clothing.

Accordingly, Mr. Meadows shall appear for trial in civilian clothing without visible or audible shackles. As to shackling, the parties appear to agree to the "discreet use of shackles to ensure the decorum of the trial . . . ." Doc. 91, PageID 1415. *See* Doc. 92, PageID 1418 (requesting that Mr. Meadows appear "without visible (or audible) restraints"). Thus, counsel for Plaintiff and Defendants are **ORDERED** to confer and advise the Court no later than Thursday, September 4, 2025, whether the Ohio Department of Rehabilitation and Corrections has the ability to outfit Plaintiff in non-audible shackles during trial.

As to guards, Mr. Meadows further requests that "any prison guards present in the courtroom should be stationed so as not to make their 'assignment' to Mr. Meadows plain to the jury," Doc. 92, PageID 1425, while Defendants ask the Court to "allow for . . . uniformed correction officers to be present within the courtroom." Doc. 91, PageID 1415. On this point, "[r]ather than articulating specific rules for identifying unacceptable risks, the Supreme Court simply entreats judges to use common sense: *Holbrook* calls for a case-by-case approach, [] and *Williams* emphasizes scrutiny 'based on reason, principle, and common human experience.'" *Wilkens v. Lafler*, 487 F. App'x 983, 990 (6th Cir. 2012) (citing *Holbrook v. Flynn*, 475 U.S. 560, 569 (1986) *and quoting Williams*, 425 U.S. at 504). The nature and circumstances of this case, particularly the history of Mr. Meadows, require the presence of guards in the courtroom. The Court will advise where the guards will be positioned in the courtroom on the first day of trial, after undertaking a case-specific determination.

For the foregoing reasons, Mr. Meadows shall appear for trial in civilian clothing. All remaining issues raised in the parties' Motions in Limine, including whether parties will be

prohibited from mentioning that Mr. Meadows is currently in ODRC custody, are reserved for resolution during trial.

**IT IS SO ORDERED.**

September 3, 2025

Jeffery P. Hopkins
United States District Judge