**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TOMMY MEADOWS,

        *Plaintiff,*                            Case No. 1:21-cv-322

        vs.                                 Judge Jeffery P. Hopkins

CORRECTIONAL OFFICER C.
COPPICK, *et al.*,

        *Defendants.*

---

## JURY INSTRUCTIONS

## September 11, 2025

---

## INDEX

INSTRUCTIONS AT CLOSE OF EVIDENCE ................................................................. 4

    INTRODUCTION ......................................................................................................... 4

    COURT'S QUESTIONS ............................................................................................... 5

    BENCH CONFERENCES ............................................................................................ 6

    ALL PERSONS EQUAL UNDER THE LAW ........................................................... 7

    BURDEN OF PROOF .................................................................................................. 8

    PREPONDERANCE OF THE EVIDENCE ............................................................... 9

    EVIDENCE IN THE CASE ....................................................................................... 10

    DIRECT EVIDENCE—CIRCUMSTANTIAL EVIDENCE ..................................... 11

    USE OF VIDEO RECORDINGS .............................................................................. 12

    CREDIBILITY OF WITNESSES ............................................................................. 13

    INFERENCES ............................................................................................................ 14

    IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS ............................ 15

    EXHIBITS .................................................................................................................. 16

    OBJECTIONS ............................................................................................................ 17

CASE SPECIFIC INSTRUCTIONS ........................................................................... 18

    SECTION 1983 .......................................................................................................... 18

    EIGHTH AMENDMENT .......................................................................................... 19

EXCESSIVE FORCE CLAIMS ................................................................. 20

MALICIOUSLY ..................................................................................... 22

SADISTICALLY ..................................................................................... 23

FIRST AMENDMENT ............................................................................ 24

RETALIATION CLAIM .......................................................................... 25

FACTUAL CAUSATION AND PROXIMATE CAUSATION ................................. 26

DAMAGES ............................................................................................ 27

EFFECT OF INSTRUCTION AS TO DAMAGES ......................................... 28

COMPENSATORY DAMAGES ................................................................ 29

NOMINAL DAMAGES ........................................................................... 30

MITIGATION OF DAMAGES .................................................................. 31

DELIBERATIONS AND VERDICT ............................................................ 32

DUTY TO DELIBERATE ........................................................................ 32

ELECTION OF FOREPERSON ................................................................ 33

NOTIFY COURT SECURITY OFFICER WHEN VERDICT REACHED ............... 34

INSTRUCTIONS AND FORMS DO NOT RECOMMEND ANY ONE VERDICT . 35

WRITTEN INSTRUCTIONS .................................................................... 36

RETIRE TO DELIBERATE ..................................................................... 37

**INSTRUCTIONS AT CLOSE OF EVIDENCE**

## INTRODUCTION

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**COURT'S QUESTIONS**

During the course of the trial, I may have asked questions of some witnesses. My only purpose was to make the testimony and evidence clear in my mind. Please do not assume that I have any opinion about the subject matter of my questions.

**BENCH CONFERENCES**

From time to time during the trial it was necessary for me to talk to the attorneys out of your hearing. The purpose of those conferences was to decide how certain matters are to be treated under the rules of evidence.

## ALL PERSONS EQUAL UNDER THE LAW

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The law is no respecter of persons; all persons stand equal before the law and are to be dealt with as equals in a court of justice.

## BURDEN OF PROOF

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

## PREPONDERANCE OF THE EVIDENCE

Plaintiff has the burden in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If Plaintiff should fail to establish any essential element of his claim by a preponderance of the evidence, you should find for Defendant as to that claim.

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## EVIDENCE IN THE CASE

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the attorneys or parties on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

## DIRECT EVIDENCE—CIRCUMSTANTIAL EVIDENCE

Generally speaking, there are two types of evidence that are generally presented during a trial – direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

## USE OF VIDEO RECORDINGS

At trial you viewed several video recordings. This is proper evidence for you to consider.

## CREDIBILITY OF WITNESSES

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

## INFERENCES

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in the light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**EXHIBITS**

A number of exhibits and testimony related to them have been introduced. You will determine what weight, if any, each of the exhibits should receive.

You must consider, among other things, all exhibits received in evidence, regardless of who may have produced them.

You are to attach no significance whatsoever to the fact that a given item of evidence has been admitted as Plaintiff's exhibit, as opposed to Defendants' exhibit. Conversely, you are to attach no significance whatsoever to the fact that a given item of evidence has been admitted as Defendants' exhibit, as opposed to Plaintiff's exhibit.

## OBJECTIONS

It is the duty of an attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his or her client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate an opinion as to the weight or effect of such evidence.

When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if he or she had been permitted to answer the question.

**CASE SPECIFIC INSTRUCTIONS**

**SECTION 1983**

Section 1983, the federal civil rights statute under which Plaintiff sues, provides that a person may seek relief in this Court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or by the laws of the United States.

**EIGHTH AMENDMENT**

Under the Eighth Amendment to the United States Constitution, every person convicted of a crime or a criminal offense has the right not to be subjected to cruel and unusual punishments.

## EXCESSIVE FORCE CLAIMS

Plaintiff alleges that Defendants Christopher Coppick and William Bauer used excessive force against him in violation of his rights under the Eighth Amendment to be free from cruel and unusual punishment.

In order to prove a violation under the Eighth Amendment, Plaintiff must show Defendant unnecessarily and wantonly inflicted pain on Plaintiff. Whether a use of force against an incarcerated individual is unnecessary or wanton depends on whether force was applied in a good faith effort to maintain or restore discipline, or whether it was done maliciously or sadistically to cause harm.

In order to prove a violation under the Eighth Amendment, Plaintiff must prove all of the following elements by a preponderance of the evidence:

First, that Defendants Coppick and/or Bauer used force against Plaintiff maliciously or sadistically, for the purpose of causing Plaintiff harm.

Second, that Plaintiff suffered some harm as a result of the use of force by Defendants Coppick and/or Bauer.

If Plaintiff fails to prove either of these elements regarding either of his claims for excessive use of force, you must find for that Defendant on that particular excessive force claim.

The first element is to be evaluated by a subjective analysis of Defendants Coppick and Bauer and their state of mind at the time. In deciding whether this element has been proved, you must give prison officials wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and

20

to maintain internal security in the prison. Some of the things you may want to consider in determining whether Defendants Coppick and Bauer unnecessarily and wantonly inflicted pain on Plaintiff include:

1. The extent of the injury suffered.

2. The need for application of force.

3. The relationship between the need and the amount of force used.

4. The threat reasonably perceived by the responsible officials, and

5. Any efforts made to temper the severity of a forceful response.

**MALICIOUSLY**

With regard to Plaintiff's excessive use of force claims, "maliciously" means intentionally injuring another without just cause or reason. To act "maliciously" means intentionally to do a wrongful act without just cause or excuse, with an intent to inflict injury or under circumstances that show an evil intent.

## SADISTICALLY

With regards to Plaintiff's excessive force claims, "sadistically" means engaging in extreme or excessive cruelty or delighting in cruelty.

## FIRST AMENDMENT

The First Amendment prohibits abridgement of the freedom of speech and prohibits abridgement of the right of the people to petition the government for redress of their grievances.

## RETALIATION CLAIM

Plaintiff alleges that Defendant Kenneth Plowman retaliated against him in violation of his right under the First Amendment to engage in free speech.

In order to find that Plaintiff was subjected to retaliation, the burden is on Plaintiff to establish by a preponderance of the evidence in the case all of the following:

(1) Plaintiff engaged in protected conduct;

(2) An adverse action was taken against Plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and,

(3) There is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by Plaintiff's protected conduct.

An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf. Filing grievances or complaints about the actions or conduct of correction officers is considered protected conduct under the elements of a First Amendment retaliation claim.

An adverse action is one that would deter a person of ordinary firmness from the exercise of the right at stake. On the other hand, some adverse actions are so *de minimis*, or minimal, that they do not rise to the level of a constitutionally cognizable injury.

## FACTUAL CAUSATION AND PROXIMATE CAUSATION

An injury is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to Plaintiff, and that Plaintiff's injury or damage was either a direct result or reasonably probable consequence of the act or omission.

**DAMAGES**

If you find that the damages suffered by the Plaintiff were partly the result of conduct by a Defendant that was legal and partly the result of conduct by that Defendant that was illegal, you must apportion the damages between the legal and illegal conduct—that is, you must assess the relative importance of the legal and illegal conduct and allocate the damages accordingly.

## EFFECT OF INSTRUCTION AS TO DAMAGES

The fact that I will instruct you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you find in favor of the Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

## COMPENSATORY DAMAGES

If you find in favor of Plaintiff, then you must award Plaintiff such sum as you find from the preponderance of the evidence will fairly and justly compensate Plaintiff for any damages you find Plaintiff sustained as a direct result of Defendant Bauer and/or Defendant Coppick's alleged excessive use of force and/or Defendant Plowman's alleged retaliation against Plaintiff. You should consider the following when calculating compensatory damages: the physical pain and emotional suffering Plaintiff experienced, the nature and extent of Plaintiff's injury or injuries; and the impact of those injuries on his quality of life.

## NOMINAL DAMAGES

If you find in favor of Plaintiff, but you find Plaintiff's damages have no monetary value, then you must return a verdict for Plaintiff in the nominal amount of one dollar.

## MITIGATION OF DAMAGES

If you find that the Plaintiff was injured by Defendant in violation of Section 1983, you must determine whether the Plaintiff could have done something, after the injurious conduct, to lessen the harm that he suffered. The burden is on the Defendant to prove, by a preponderance of evidence, that the Plaintiff could have lessened the harm that was done to him, and that he failed to do so.

If the Defendant establish by a preponderance of the evidence that Plaintiff could have reduced the harm done to Plaintiff but failed to do so, Plaintiff is entitled only to damages sufficient to compensate for the injury that Plaintiff would have suffered had Plaintiff taken appropriate action to reduce the harm.

**DELIBERATIONS AND VERDICT**

**DUTY TO DELIBERATE**

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. The verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## ELECTION OF FOREPERSON

Upon retiring to the jury room, you will select one of your members to act as foreperson who will preside over the deliberations and be your spokesperson in court. The foreperson will see that your discussions are orderly and that each juror has the opportunity to discuss the case and to cast his or her vote; otherwise, the authority of the foreperson is the same as any other juror.

I have prepared several forms for you to use in recording your decisions. The first type of forms are known as general verdict forms. On these forms, there are spaces to indicate your verdict on the Plaintiff's claims against the Defendants. You should return a verdict on each claim.

The second type of forms contain interrogatories, or written questions about some of the issues in this case. These questions are to be answered "yes" or "no." You should answer every question on this second type of form (except where the form indicates otherwise).

Your general verdict and your answers to the special questions must be unanimous and must reflect the conscientious judgment of each juror.

**NOTIFY COURT SECURITY OFFICER WHEN VERDICT REACHED**

When you arrive at your verdict, you will notify the Court Security Officer that will be stationed outside the deliberation room. The Court Security Officer will inform the Court and the Courtroom Deputy will return you to the courtroom where the verdict will be announced.

**INSTRUCTIONS AND FORMS DO NOT RECOMMEND ANY ONE VERDICT**

Nothing said in these instructions and nothing in the jury interrogatories and verdict forms prepared for your convenience is to suggest or convey in any way the verdicts I think you should return. What verdicts shall be returned is your exclusive duty and responsibility as jurors.

## WRITTEN INSTRUCTIONS

1.   One copy of the written form of the instructions on the law I have just given you will be available to you in the jury room.

2.   These instructions are placed in charge of the foreperson you elect.

3.   You are invited to use these instructions in any way that will assist you in your deliberations and in arriving at a verdict.

4.   You may pass these instructions from juror to juror for individual reading and consideration, but you may not detach any of the individual sheets.

5.   These written instructions, which are in exactly the same language as I have given them to you verbally, represent the law that is applicable to the facts, as you find the facts to be.

6.   The foreperson will be responsible for returning to the Court the verdict forms and interrogatories.

7.   Until your verdict is announced in open court, no juror is permitted to disclose to anyone the status of your deliberations or the nature of your verdict. This order must be strictly obeyed.

8.   After your verdict is returned and announced in court, you may discuss the case with anyone. You are not required to do so; it is a matter of your own free choice.

### RETIRE TO DELIBERATE

You will now retire to the jury room to deliberate upon your verdict. The Courtroom

Deliberate will confer with you regarding any recess or adjournment.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TOMMY MEADOWS,

       *Plaintiff,*                         Case No. 1:21-cv-322

      vs.                              Judge Jeffery P. Hopkins

CORRECTIONAL OFFICER C.
COPPICK, *et al.*,

       *Defendants.*

---

## JURY INTERROGATORY NO. 1

---

Has Plaintiff Tommy Meadows proven, by a preponderance of the evidence, that Defendant Christopher Coppick used excessive force against Plaintiff in violation of the Eighth Amendment?

_____ YES   _____ NO

All jurors must agree and sign below.

_____      _____

_____      _____

_____      _____

_____

*If you answered YES, then proceed to Interrogatory No. 2.*

*If you answered NO, then proceed to General Verdict Form No. 1.*

*If you cannot unanimously agree, please inform the Court Security Officer.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TOMMY MEADOWS,

          *Plaintiff,*                         Case No. 1:21-cv-322

      vs.                                  Judge Jeffery P. Hopkins

CORRECTIONAL OFFICER C.
COPPICK, *et al.,*

          *Defendants.*

---

## JURY INTERROGATORY NO. 2

---

If you find that Plaintiff Tommy Meadows is entitled to recover damages, you may award compensatory or nominal damages, but not both.

**Compensatory Damages**: If Plaintiff Tommy Meadows has proven that the injuries he suffered were proximately caused by Defendant Christopher Coppick's wrongful conduct, then what amount of compensatory damages, if any, should be awarded to Plaintiff:

    $ _____

All jurors must agree and sign below.


_____      _____


_____      _____


_____      _____


_____

39

**Nominal Damages**: If you have not awarded compensatory damages, and find that Plaintiff Tommy Meadows is entitled to recovery from Defendant Christopher Coppick and has not suffered any actual damages, then you may award nominal damages to Plaintiff:

$ _____

All jurors must agree and sign below.

_____          _____

_____          _____

_____          _____

_____

*Please proceed to General Verdict Form No. 2.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TOMMY MEADOWS,

        *Plaintiff,*                            Case No. 1:21-cv-322

        vs.                              Judge Jeffery P. Hopkins

CORRECTIONAL OFFICER C.
COPPICK, *et al.*,

        *Defendants.*

---

**GENERAL VERDICT FORM NO. 1 – FOR DEFENDANT COPPICK**

---

      With regard to Plaintiff Tommy Meadows' claim for excessive force against Defendant Christopher Coppick, we, the jury, being duly impaneled and sworn, do find in favor of Defendant Christopher Coppick.

      All jurors must agree.

_____      _____

_____      _____

_____      _____

_____

***Your verdict is now complete as to Defendant Christopher Coppick. Please proceed to Interrogatory No. 3 as it relates to Plaintiff's claims against Defendant William Bauer.***

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TOMMY MEADOWS,

        *Plaintiff,*                        Case No. 1:21-cv-322

      vs.                               Judge Jeffery P. Hopkins

CORRECTIONAL OFFICER C.
COPPICK, *et al.*,

        *Defendants.*

---

**GENERAL VERDICT FORM NO. 2 – FOR PLAINTIFF MEADOWS**

---

With regard to Plaintiff Tommy Meadows' claim for excessive force against Defendant Christopher Coppick, we, the jury, being duly impaneled and sworn, do find in favor of Plaintiff Tommy Meadows.

Please enter any damages you awarded to Plaintiff Tommy Meadows in Jury Interrogatory No. 2 here: $ _____.

All jurors must agree.

_____      _____

_____      _____

_____      _____

_____

*Your verdict is now complete as to Defendant Christopher Coppick. Please proceed to Interrogatory No. 3 as it relates to Plaintiff's claims against Defendant William Bauer.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TOMMY MEADOWS,

    *Plaintiff,*        Case No. 1:21-cv-322

  vs.           Judge Jeffery P. Hopkins

CORRECTIONAL OFFICER C.
COPPICK, *et al.*,

    *Defendants.*

---

## JURY INTERROGATORY NO. 3

---

Has Plaintiff Tommy Meadows proven, by a preponderance of the evidence, that Defendant William Bauer used excessive force against Plaintiff in violation of the Eighth Amendment?

_____ YES _____ NO

All jurors must agree and sign below.

_____  _____

_____  _____

_____  _____

_____

*If you answered YES, then proceed to Interrogatory No. 4.*

*If you answered NO, then proceed to General Verdict Form No. 3.*

*If you cannot unanimously agree, please inform the Court Security Officer.*

43

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TOMMY MEADOWS,

        *Plaintiff,*                      Case No. 1:21-cv-322

      vs.                             Judge Jeffery P. Hopkins

CORRECTIONAL OFFICER C.
COPPICK, *et al.*,

        *Defendants.*

---

## JURY INTERROGATORY NO. 4

---

If you find that Plaintiff Tommy Meadows is entitled to recover damages, you may award compensatory or nominal damages, but not both.

**Compensatory Damages**: If Plaintiff Tommy Meadows has proven that the injuries he suffered were proximately caused by Defendant William Bauer's wrongful conduct, then what amount of compensatory damages, if any, should be awarded to Plaintiff:

$ _____

All jurors must agree and sign below.

_____

_____

_____

_____

**Nominal Damages**: If you have not awarded compensatory damages, and find that Plaintiff Tommy Meadows is entitled to recovery from Defendant William Bauer and has not suffered any actual damages, then you may award nominal damages to Plaintiff:

$ _____

All jurors must agree and sign below.

_____        _____

_____        _____

_____        _____

_____

***Please proceed to General Verdict Form No. 4.***

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TOMMY MEADOWS,

        *Plaintiff,*                           Case No. 1:21-cv-322

        vs.                               Judge Jeffery P. Hopkins

CORRECTIONAL OFFICER C.
COPPICK, *et al.*,

        *Defendants.*

---

**GENERAL VERDICT FORM NO. 3 – FOR DEFENDANT BAUER**

---

With regard to Plaintiff Tommy Meadows' claim for excessive force against Defendant William Bauer, we, the jury, being duly impaneled and sworn, do find in favor of Defendant William Bauer.

All jurors must agree.

_____

_____

_____

_____

*Your verdict is now complete as to Defendant William Bauer. Please proceed to Interrogatory No. 5 as it relates to Plaintiff's claims against Defendant Kenneth Plowman.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TOMMY MEADOWS,

         *Plaintiff,*                   Case No. 1:21-cv-322

       vs.                           Judge Jeffery P. Hopkins

CORRECTIONAL OFFICER C.
COPPICK, *et al.*,

         *Defendants.*

---

**GENERAL VERDICT FORM NO. 4 – FOR PLAINTIFF MEADOWS**

---

    With regard to Plaintiff Tommy Meadows' claim for excessive force against Defendant William Bauer, we, the jury, being duly impaneled and sworn, do find in favor of Plaintiff Tommy Meadows.

    Please enter any damages you awarded to Plaintiff Tommy Meadows in Jury Interrogatory No. 4 here: $ _____.

    All jurors must agree.

_____

_____

_____

_____

*Your verdict is now complete as to Defendant William Bauer. Please proceed to Interrogatory No. 5 as it relates to Plaintiff's claims against Defendant Kenneth Plowman.*

47

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TOMMY MEADOWS,

        *Plaintiff,*                    Case No. 1:21-cv-322

    vs.                            Judge Jeffery P. Hopkins

CORRECTIONAL OFFICER C.
COPPICK, *et al.*,

        *Defendants.*

---

## JURY INTERROGATORY NO. 5

---

Has Plaintiff Tommy Meadows proven, by a preponderance of the evidence, that Defendant Kenneth Plowman retaliated against Plaintiff in violation of the First Amendment?

_____ YES   _____ NO

All jurors must agree and sign below.

_____       _____

_____       _____

_____       _____

_____

*If you answered YES, then proceed to Interrogatory No. 6.*

*If you answered NO, then proceed to General Verdict Form No. 5.*

*If you cannot unanimously agree, please inform the Court Security Officer.*

48

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TOMMY MEADOWS,

          *Plaintiff,*                  Case No. 1:21-cv-322

      vs.                           Judge Jeffery P. Hopkins

CORRECTIONAL OFFICER C.
COPPICK, *et al.*,

          *Defendants.*

---

## JURY INTERROGATORY NO. 6

---

If you find that Plaintiff Tommy Meadows is entitled to recover damages, you may award compensatory or nominal damages, but not both.

**Compensatory Damages**: If Plaintiff Tommy Meadows has proven that the injuries he suffered were proximately caused by Defendant Kenneth Plowman's wrongful conduct, then what amount of compensatory damages, if any, should be awarded to Plaintiff:

    $ _____

All jurors must agree and sign below.

_____      _____

_____      _____

_____      _____

_____

49

**Nominal Damages**: If you have not awarded compensatory damages, and find that Plaintiff Tommy Meadows is entitled to recovery from Defendant Kenneth Plowman and has not suffered any actual damages, then you may award nominal damages to Plaintiff:

$ _____

All jurors must agree and sign below.

_____          _____

_____          _____

_____          _____

_____

*Please proceed to General Verdict Form No. 6.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TOMMY MEADOWS,

        *Plaintiff*,                            Case No. 1:21-cv-322

      vs.                              Judge Jeffery P. Hopkins

CORRECTIONAL OFFICER C.
COPPICK, *et al.*,

        *Defendants.*

---

**GENERAL VERDICT FORM NO. 5 – FOR DEFENDANT PLOWMAN**

---

        With regard to Plaintiff Tommy Meadows' retaliation claim against Defendant Kenneth Plowman, we, the jury, being duly impaneled and sworn, do find in favor of Defendant Kenneth Plowman.

        All jurors must agree.

_____       _____

_____       _____

_____       _____

_____

***Your verdict is now complete as to Defendant Kenneth Plowman. Please inform the Court Security Officer.***

51

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TOMMY MEADOWS,

    *Plaintiff,*        Case No. 1:21-cv-322

   vs.          Judge Jeffery P. Hopkins

CORRECTIONAL OFFICER C.
COPPICK, *et al.,*

    *Defendants.*

---

**GENERAL VERDICT FORM NO. 6 – FOR PLAINTIFF MEADOWS**

---

With regard to Plaintiff Tommy Meadows' retaliation claim against Defendant Kenneth Plowman, we, the jury, being duly impaneled and sworn, do find in favor of Plaintiff Tommy Meadows.

Please enter any damages you awarded to Plaintiff Tommy Meadows in Jury Interrogatory No. 6 here: $ _____.

All jurors must agree.

_____  _____

_____  _____

_____  _____

_____

***Your verdict is now complete as to Defendant Kenneth Plowman. Please inform the Court Security Officer.***